LAW OFFICES OF ERIC DINNOCENZO
Eric Dinnocenzo (ED 3430)
469 Seventh Avenue, Suite 1215
New York, NY 10018
(212) 933-1675
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Gale Fulton,** <br><br> Plaintiff, <br><br> v. <br><br> **E-team, Inc. and** <br> **Employer Known to E-team,** <br><br> Defendants. | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff by and through his undersigned counsel, complains as follows:

### NATURE OF THE CLAIMS

1.  Plaintiff brings claims for discrimination because of sex pursuant to Title VII of the Civil Rights act of 1964, 42 U.S.C. 2000e, *et seq*. ("Title VII"), and the New Jersey Law Against Discrimination N.J.S.A. 10:5-12 (NJLAD).

### VENUE AND JURISDICTION

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(4).

3.  Venue is proper in this District pursuant to Title VII's venue provision, 42 U.S.C. 2000e-5(f)(3), where the unlawful employment practice took place and the employment records relevant to such practice are maintained and administered.

4. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. Sec. 1367(a).

5. This Court has diversity jurisdiction over Plaintiff's state law claim pursuant and 28 U.S. Code § 1332.

6. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## PARTIES

**A. Plaintiff**

7. Plaintiff was at all times relevant herein a citizen of the State of Nevada.

**B. Defendants**

8. E-team is an employer and an employment agency within the meaning of Title VII and NJLAD. It has its principal place of business and is incorporated in New Jersey.

9. Employer Known to E-team ("EKE"), is an employer within the meaning of Title VII and NJLAD at which E-team initially sought to place Plaintiff before learning that he was male.

10. On information and belief, EKE has its principal place of business in Cary, North Carolina.

11. On information and belief, EKE is not incorporated in Nevada.

12. On information and belief, EKE is not incorporated in New Jersey.

## ADMINISTRATIVE EXHAUSTION

13. On June 21, 2019, Plaintiff filed a Charge of Sex Discrimination with the EEOC against E-team and Joint Employer Known to E-team. The EEOC issued a Notice of Right to

Sue which was received by Plaintiff within 90 days of the filing of this Complaint.

## FACTUAL ALLEGATIONS

14. Defendant is in the business of providing staffing to businesses.

15. Defendant acts as a primary employer of leased labor, an employment agency and in other capacities to meet the staffing needs of its customers.

**E-Team's Previous Discrimination in the Choice of a Candidate Because of Sex**

16. On July 31, 2013 Veronica Kariuki received a solicitation from Kumar Nagdev at E-team to apply for a "long term" technical position.

17. On August 5, 2013 Ms Kariuki emailed her resume to Mr. Nagdev.

18. Ms Kariuki held the qualifications required.

19. Mr. Nagdev promptly responded via email "Thanks for the email, But however we are looking for Male Candidate as this job is an Field Job."

20. Ms Kariuki filed a Charge of Discrimination with the EEOC assigned Charge Number 570-2014-00259.

21. E-team's statement to the EEOC alleged that Ms Kariuki was not selected because (i) she was overqualified, and (ii) looking for a position with the possibility of advancement notwithstanding that the advertised position was for a limited 6-12 month period.

22. In its email to Ms Kariuki Defendant described the position as "Duration: Long Term."

23. E-team referred a male candidate for the position who was not overqualified, ie, less qualified than Ms Kariuki.

24. In its statement to the EEOC Defendant falsely denied that it had sent Ms Kariuki the email stating that it was seeking a male candidate.

25. Impeding an EEOC proceeding is a violation of 18 U.S. Code § 1505, a felony, punishable by up to five years in prison.

26. After investigation the EEOC made the following Determination:

On August 5, 2013, she applied for the position. Within minutes, she received an email from Mr.Nagdev stating that the position was only available to male candidates because it was a "field job."

Respondent denies that any such e-mail was sent and questions the authenticity of the e-mail copy produced by the Charging Party. It responds that the Charging Party was not selected for submission to the client because she was overqualified and looking for a position with the possibility of advancement, whereas the advertised position was for a limited 6-12 month period.

The record reveals that, although Respondent was unable to locate the e-mail on its server and questions the authenticity of the email, Respondent admitted that recruiters routinely delete applicant data, including email communications with applicants, on a daily basis. In addition, credible evidence demonstrates that the e-mail is authentic. Only e-mails that are actively archived by recruiters are backed up. Even when backed up, the retention period is only seven days. A search for the e-mail, therefore, would not necessarily produce the e-mail in question.

Based on the foregoing, I find that there is reasonable cause to believe that eTeam did not select Charging Party for submission to its client because of her sex (female), in violation of Title VII. Like and related to, and reasonably arising from the investigation contained in the charge, the evidence also shows that Respondent violated Title VII's record-keeping requirements. See 709(c) of TitleVII and 29 C.F.R. Part1602. Respondent was unable to produce applicant data for those individuals who had applied for a Field Technician position within the requested time frame. Indeed, Respondent admitted that it only maintains data on applicants whose resumes are forwarded to a client for possible hire, and deletes applicant data on the remaining applicants.

27. Ms Kariuki filed a Complaint against E-team for violation of Title VII on July 20, 2015. See Kariuki v. ETEAM, INC, 1:15-cv-00934-TSE-JFA (E.D. Va.).

28. The Complaint attached a copy of Mr. Nagdev's email refusing to consider Ms

4

Kariuki because of her sex.

29. E-team had admitted to the EEOC that it had deleted the emails it sent to and received from Ms Kariuki.

30. That left Ms Kariuki as the only custodian of those emails.

31. Nonetheless Defendant again falsely denied sending the email.

32. E-team alleged in its Answer that "Defendant denies that any such email was sent by Mr. Nagdev."

33. Plaintiff was required to engage a forensic computer specialist to conduct an analysis of the metadata associated with the email.

34. It was his opinion that "the email Veronica Kariuki received on August 5, 2013, was in fact sent from the email address knagdev@eteaminc.com."

35. The parties filed a notice of settlement on January 13, 2016.

36. On information and belief Defendant intentionally maintains a practice of deleting Electronically Stored Information (ESI), such as emails and resumes, sent and received in connection with its employment solicitations.

37. This practice interferes with the investigation of employment discrimination claims by making it nearly impossible to verify E-team's alleged basis for candidate selection.

**E-team Rejects Plaintiff Fulton for position because "it is for female candidates only"**

38. On December 7, 2018, Plaintiff received an email from E-team recruiter Markland Raval, sent from mraval@eteaminc.com.

39. The email described the responsibilities and skills required for the position.

5

40. The email further stated:

> **Job Title: Program Manager**
> **Location: Cary, NC**
> **Duration: Full time**
> Work Authorization : GC or Citizens
> **Note : Only Female candidates can apply.**

41. Plaintiff respond by email of same date in pertinent part that "I am interested in this opportunity, and am well qualified for it."

42. E-team responded by email of same date in pertinent part that "it is for female candidates only now as the male candidates vacancy has been filled up, So please do not take it personal."

43. Plaintiff responded by email of same date in pertinent part that "exclusion from a position based on gender, race, sexual orientation and so on is illegal. This being the law, and you telling me I will not be considered for this role based on my gender compels me to report your company with an EEOC."

44. Plaintiff was not referred to an employer in connection with E-team's solicitation.

45. Plaintiff's EEOC Charge recited the foregoing facts and stated "Mr. Fulton files this charge on behalf of himself and all applicants discriminated against based on their gender by E-team and his joint employer. The putative class and Mr. Fulton were not considered for positions available through E-team and his joint employer because of their gender."

**The EEOC Advises Plaintiff "There Are Problems at E-team"**

On October 3, 2019, Plaintiff received notice through the EEOC Portal that "a settlement was negotiated with benefits and the charge was closed." Since the instant matter had not been settled

this had to refer to another Charge of Discrimination. The EEOC explained that after issuing the Notice of Right to Sue to Plaintiff Fulton, it continued investigating E-team in connection with another pending Charge, *because the two charges together showed there were problems at E-team.* The EEOC settled the other charge with an agreement that E-team would provide training and pay the Complainant in that matter an undisclosed sum.

**An EEOC Agreement with E-team to train its Recruiters will Not Change its Conduct**

46. E-team's violations of Title VII are willful and cannot be prevented without the appointment of an internal monitor with the power to randomly monitor all of e-team's communications with applicants, and ensure the preservation of all communications with applicants.

47. E-team's Recruiters already act based on training established by E-team's Executives.

48. The three violations alleged herein are not the result of a lack of training, they reflect the training E-team provides to its Recruiters.

49. It is only sheer luck when a Recruiter forgets his or her training and expressly communicates in an email its client's preference for a male or female candidate.

50. E-team's practice of immediately deleting ESI communications with applicants, including their resumes, is probative of its intent to conceal its illegal conduct.

51. E-team's conduct in *Mariuki v. Eteam, Inc.,* is probative of an intent to engage in false, baseless, defenses when caught red handed, for the purpose of deterring prosecution of employees' rights under employment discrimination laws.

52. Unless a monitor is appointed the only way future candidates will learn they were rejected because of their membership in a protected class is dumb luck, ie, if another Recruiter states as much in an email.

## COUNT I

**Title VII 42 USC § 2000e-2(b) Prohibiting Employment Agencies From Refusing to Refer Candidates for Employment on the basis of Sex**

53. Plaintiff incorporates by reference each of the foregoing paragraphs.

54. Defendant violated 42 USC § 2000e-2(b).

55. Defendant acted intentionally or was reckless with respect to violating Plaintiff's rights under Title VII. Mr. Raval did not advise Plaintiff that he would be considered after Plaintiff explained to him that he had violated the law. Defendant's violation of the law is part of a pattern of such violations and therefore warrants a charge of punitive damages.

56. Plaintiff suffered emotional distress, humiliation, frustration and anger as a result of E-team's intentional violation of Title VII.

## COUNT II

**Title VII 42 USC § 2000e-2(a) Prohibiting Employers From Refusing to Hire Candidates Because of Sex**

57. Plaintiff incorporates by reference each of the foregoing paragraphs. Defendant violated 42 USC § 2000e-2(a)

58. Defendant acted intentionally or was reckless with respect to violating Plaintiff's rights under Title VII. Mr. Raval did not advise Plaintiff that he would be considered after Plaintiff explained to him that he had violated the law. Defendant's violation of the law is part of a pattern of such violations and therefore warrants a charge of punitive damages.

59.     Plaintiff suffered emotional distress, humiliation, frustration and anger as a result of E-team's intentional violation of Title VII.

## COUNT III

## NJ Stat. § 10:5-12(c) Prohibiting Employment Agencies From Refusing to Refer Candidates for Employment on the basis of Sex

60.     Plaintiff incorporates by reference each of the foregoing paragraphs.

61.     Defendant violated NJ Stat. § 10:5-12(c).

62.     Defendant acted intentionally or was reckless with respect to violating Plaintiff's rights under § 10:5-12(c). Mr. Raval did not advise Plaintiff that he would be considered after Plaintiff explained to him that he had violated the law. Defendant's violation of the law is part of a pattern of such violations and therefore warrants a charge of punitive damages.

63.     Plaintiff suffered emotional distress, humiliation, frustration and anger as a result of E-team's intentional violation of Title VII.

## COUNT IV

## NJ Stat. § 10:5-12(a) Prohibiting Employers From Refusing to Hire Candidates Because of Sex

64.     Plaintiff incorporates by reference each of the foregoing paragraphs.

65.     Defendant violated NJ Stat. § 10:5-12(a)

66.     Defendant acted intentionally or was reckless with respect to violating Plaintiff's rights under NJ Stat. § 10:5-12(a). Mr. Raval did not advise Plaintiff that he would be considered after Plaintiff explained to him that he had violated the law. Defendant's violation of the law is part of a pattern of such violations and therefore warrants a charge of punitive damages.

67. Plaintiff suffered emotional distress, humiliation, frustration and anger as a result of E-team's intentional violation of Title VII.

## DEMAND FOR JURY TRIAL

68. Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

69. Judgment against Defendant for violations of Title VII and the NJLAD.

70. Equitable Relief

   a) An Order requiring Defendant to preserve all records in connection with its solicitation of candidates within the United States;

   b) Appointment of a Monitor with authority to take such action as may be necessary to compel Defendant's compliance with the Order of this Court, Title VII and the NJLAD, including but not limited to

      i. Randomly monitoring Defendant's communications with candidates without notice to Defendant and;

      ii. Monitoring Defendant's preservation of records pursuant to this Court's Order

   c) That the Monitor make an annual report to this Court on Defendant's compliance with this Court's Order, Title VII and the NJLAD; and

   d) This Court maintain jurisdiction in the instant matter for at least five years, and determine at that time whether further monitoring is required;

71. Compensatory damages for emotional distress;

72. Punitive damages;

73. Lost compensation, including wages and benefits;

74. An award of prejudgment interest;

75. All costs and attorneys' fees incurred prosecuting these claims; and

76. Such further relief as the Court deems just and equitable.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that ERIC DINNOCENZO, ESQ., has been designated as trial counsel in the above matter.

## CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any Court or a pending Arbitration proceeding, nor is any other action or Arbitration proceeding contemplated. All parties known to plaintiff at this time who should have been joined in this action, have been joined.

Dated: New York, NY
December 23, 2019

                                LAW OFFICES OF
                                ERIC DINNOCENZO

                                By:   s/Eric Dinnocenzo
                                Eric Dinnocenzo (ED 3430)
                                Attorney for Plaintiff
                                469 Seventh Avenue
                                Suite 1215
                                New York, NY 10018
                                (212) 933-1675
                                eric@dinnocenzolaw.com